MEMORANDUM *
OZ Master Fund, Ltd. and OZF Credit Opportunities Master Fund, Ltd. (appel *251 lants), unsecured creditors of Sun World, appeal from the district court’s affirmance of the bankruptcy court’s approval in Sun World’s chapter 11 bankruptcy proceeding of an initial settlement of claims by Cadiz, Inc., the holder of all of Sun World’s outstanding stock. On such an appeal, we review the bankruptcy court’s order for an abuse of discretion. Martin v. Kane (In re A & C Props.), 784 F.2d 1377, 1380 (9th Cir.1986).
We affirm the Bankruptcy Court’s approval of the initial settlement. In rejecting appellants’ arguments we find that (1) there was an adequate record before the Bankruptcy Court, (2) the record reflects that the Bankruptcy Court considered the requisite factors,[1] and (3) the Bankruptcy Court did not abuse its discretion in approving the initial settlement. See In re Castillo, 297 F.3d 940, 945 (9th Cir.2002) (a bankruptcy court’s exercise of discretion will not be disturbed absent “a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.”) (quoting In re Eisen, 31 F.3d 1447, 1451 (9th Cir.1994)).
Appellants request for judicial notice is denied.
AFFIRMED.

 This disposition is not appropriate for publica *251 tion and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

. In In re A & C Properties, we held:
In determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the court must consider: (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.
784 F.2d at 1381.